IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWARD J. LINK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-2113-GK |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. In the alternative, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. (b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to meet his burden in proving exhaustion of administrative remedies as required by 26 U.S.C. § 7433(d)(1). In the alternative, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 5, 2007                    Respectfully submitted,

                                       JEFFREY A. TAYLOR
                                       United States Attorney

                                        /s/ Anne E. Blaess
                                       ANNE E. BLAESS
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Washington, DC 20044
                                       Telephone: (202) 616-9806
                                       Facsimile: (202) 514-6966
                                       Email: Anne.E.Blaess@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD J. LINK                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil No. 1:06-cv-2113-GK
                                        )
UNITED STATES,                          )
                                        )
            Defendant.                  )

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages
allegedly caused by the Internal Revenue Service ("Service") disclosing confidential
return information.  Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ.
P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon
which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be
the exclusive remedy for recovering damages" for unauthorized or improper collection
actions.  26 U.S.C. § 7433(a).  Plaintiff's unauthorized disclosure claim relates a
collection action, specifically the filing of notices of federal tax liens by the Service.  Can
Plaintiff recover under 26 U.S.C. § 7431 when his claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative
remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet his burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 in filing notices of federal tax liens?

STATEMENT OF FACTS

1.  <u>Introduction</u>

On December 11, 2006, Plaintiff, acting *pro se*, filed his complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2.  <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiff argues that Service agents caused notices of federal tax liens to be recorded with the Recorder of Deeds of Dallas County, Missouri.  (<u>Id.</u> at ¶ 4, Attachments.)  Plaintiff alleges that the notices of federal tax liens wrongfully disclosed tax return information, and that this disclosure caused Plaintiff substantial mental and emotional distress and subjected him to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 5, 6, 7.)

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. at ¶ 13.)

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory

allegations that are unsupported by facts set forth in the complaint.  See Trudeau v. Fed.

Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.  Section 7433 Is Plaintiff's Exclusive Remedy**

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any
> officer or employee of the Internal Revenue Service recklessly or intentionally, or
> by reason of negligence, disregards any provision of this title, or any regulation
> promulgated under this title, such taxpayer may bring a civil action for damages
> against the United States in a district court of the United States.  Except as
> provided in Section 7432, such civil action shall be the exclusive remedy for
> recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive

remedy" for the violation of "any provision of this title" that occurs in the course of

federal tax collection.  Id.  Congress provided only one exception to section 7433's

exclusivity, and that is section 7432.  Id.

Section 7431 was added to the Internal Revenue Code six years before section

7433, and Congress must necessarily have been aware of section 7431 when it enacted

section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that

Congress is aware of existing law when it passes legislation.").  Had Congress intended

section 7431 to be an alternative or supplemental remedy to an action within the

purview of section 7433, Congress would have included section 7431 as an exception

along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54

(1992) ("We have stated time and again that courts must presume that a legislature says

in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that

Congress intended the statute to be the exclusive avenue of redress for all unauthorized

collection actions.  The legislative history provides that "an action brought under this

provision [section 7433] shall be the exclusive remedy for recovering damages resulting

from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of

any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988

U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 4 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens filed with the recorder of deeds.  Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6323 contained therein provides for the filing of notices of federal tax liens.  Accordingly, Plaintiff's unauthorized disclosure claim relates to the

Service's collection activities.  See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

### III.  Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions

concerning his pursuit of administrative remedies, therefore Plaintiff has not met this

burden in proving exhaustion of administrative remedies.  As a result, Plaintiff has not

adequately met his burden in alleging that the United States has unequivocally waived

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss the complaint.[1]

---

[1]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).  Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").

**IV. Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure**

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or

7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P.

12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);

see also Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716 mem. op. at 5

(D.D.C. Jan. 23, 2007) ("[N]ot all disclosures of tax return information violated § 6103.").

The Internal Revenue Code contains a number of specific and several general

exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979). Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the...filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of

tax return information when made in notices of lien."); <u>Opdahl v. United States</u>, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption.  The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted). This Court has recently upheld this argument in a case nearly identical to the present one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431."  <u>Koerner, et al. v. United States</u>, No. 06-1633, 2007 WL 159716 mem. op. at 6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notices of federal tax liens were filed in connection with the official duties of the Service in attempting to collect Plaintiff's tax liabilities.  Had the information not have been disclosed, Plaintiff's creditors would have no way to discover the existence of the lien.  "Indeed, the purpose of recording the lien...is to place the public on notice of the lien."  <u>William E. Schrambling Accountancy Corp. v. United States</u>, 397 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433.  As a result, Plaintiff's complaint should be dismissed.

Plaintiffs' complaint asserts that the notices of federal tax liens were filed "in amounts for which defendant has been unable to produce evidence of lawful

assessment." (Compl. ¶ 4.)  Sections 7431 and 7433 do not address the legitimacy of the

collection process, and "whether a disclosure is authorized under § 6103 is in no way

dependent upon the validity of the underlying [assessment], summons, lien or levy."

Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990).  See also

Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We…agree with…the

majority of courts which have considered the issue that there is nothing in § 6103 which

requires that the underlying means of disclosure be valid before the safe harbor of §

6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The

plain language of the Internal Revenue Code supports the...contention that the validity

of the underlying collection activity is irrelevant in determining whether a disclosure is

wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of

the underlying collection action…is irrelevant to whether disclosure is authorized

under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431

does not apply to disputed merits of an assessment; it only addresses civil damages for

disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v.

United States, No. 89-1518, 1991 U.S. Dist. LEXIS 19466, at *7 (W.D. Wash. Aug. 20,

1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd

977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C.

1987) ("As a threshold matter the validity of the underlying lien and levy is wholly

irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiff as evidenced by the notices of federal tax liens.  (Compl. ¶ 4, Attachments.)  The assessments recorded and reflected in the notices of federal tax liens constitute admissible evidence of the fact of the assessments.  Fed. R. Evid. 803(15).  See also G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997); Amber Truck Lines v. United States, 805 F. Supp. 32, 34 (D. Utah 1992) (noting that the certification of an Internal Revenue Service officer of notice and demand on a notice of federal tax lien makes the presumption that notice was made even more compelling).  Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."  Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted).  Therefore, Plaintiff's claim of invalid assessments is unconvincing, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

In sum, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint should be dismissed.  In the alternative, Plaintiff has not exhausted his administrative

remedies under the Code, therefore the complaint should be dismissed.  In the

alternative, there has been no violation of section 6103, and Plaintiff's claim of an

invalid assessment does not change this result, therefore the complaint should be

dismissed.

DATE: March 5, 2006                          Respectfully submitted,

                                             JEFFREY A. TAYLOR
                                             United States Attorney

                                             /s/ Anne E. Blaess
                                             ANNE E. BLAESS
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             Post Office Box 227
                                             Washington, DC 20044
                                             Telephone: (202) 616-9806
                                             Facsimile: (202) 514-6866
                                             Email: Anne.E.Blaess@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD J. LINK                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil No. 1:06-cv-2113-GK
                                        )
UNITED STATES,                          )
                                        )
                Defendant.              )

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, proposed ORDER, and NOTICE OF RELATED CASES were caused

to be served upon Plaintiff *pro se* on the 5th day of March, 2007, by depositing a copy in

the United States' mail, postage prepaid, addressed as follows:

> EDWARD J. LINK
> Plaintiff *Pro Se*
> 32 Mayflower Lane
> Buffalo, MO 65622

>                          /s/ Anne E. Blaess
>                          ANNE E. BLAESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD J. LINK                        )
                                      )
                    Plaintiff,        )
                                      )
          v.                          )        Civil No. 1:06-cv-2113-GK
                                      )
UNITED STATES,                        )
                                      )
                    Defendant.        )

## ORDER

Having considered the United States' motion to dismiss, memorandum in support

thereof, and any oppositions and replies thereto, the Court concludes that the motion

ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at

Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiffs' complaint be and is DISMISSED WITH PREJUDICE,

and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

EDWARD J. LINK
Plaintiff *Pro Se*
32 Mayflower Lane
Buffalo, MO 65622

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD J. LINK                    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        Civil No. 1:06-cv-2113-GK
                                  )
UNITED STATES,                    )
                                  )
                Defendant.        )

NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

1. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

5. Stephen J. and Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Thomas Powell v. United States, Civil No. 1:06-cv-1860-RJL

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Thomas & Doris Moorhouse v. United States, Civil No. 1:06-cv-2152-EGS

Indeed, not only are the complaints in these cases nearly identical, but most of the plaintiffs listed above have also filed previous complaints alleging unlawful disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: March 5, 2007                          Respectfully submitted,

                                             JEFFREY A. TAYLOR
                                             United States Attorney

                                              /s/ Anne E. Blaess
                                             ANNE E. BLAESS
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             Post Office Box 227
                                             Washington, DC 20044
                                             Telephone: (202) 616-9806
                                             Facsimile: (202) 514-6966
                                             Email: Anne.E.Blaess@usdoj.gov