IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWARD J. LINK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-2113-GK |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service ("Service").

STATEMENT & DISCUSSION

1. Introduction.  On March 5, 2007, the United States filed a fully supported motion to dismiss Plaintiff's complaint.  Plaintiff has opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in Plaintiff's opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon the memorandum in support of its motion to dismiss.

2.  Plaintiff's opposition.  Plaintiff's opposition attempts to make three points. First, Plaintiff argues that the Court has jurisdiction over his claim pursuant to 26 U.S.C. § 7431, that Congress intended for section 7431 to be a statutory remedy for wrongful disclosures occurring at any time during the federal tax assessment or collection

1

process, and that 26 U.S.C. §§ 7431 and 7433 must be construed to "coexist."  Second, Plaintiff argues that he has stated a claim upon which relief can be granted because he was not required to submit an administrative claim.  Third, Plaintiff argues that he has stated a claim for relief under section 7431 because he asserts that the filing of a notice of federal tax lien is not a collection action.

None of these arguments have any merit.

## ARGUMENT

### I. Although Section 7433 and Section 7431 Coexist, Plaintiff's Only Possible Avenue of Recourse Is Section 7433

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); Powell v. United States, 2007 WL 853129, at *1 (D.D.C. Mar. 21,

2007) ("[G]iven the plain language of § 7433 (which was added after § 7431 was encated) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the court of collection activity."); Evans v. United States, No. 06-1713, 2007 WL 869039, at *3 (D.D.C. Mar. 21, 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); Koerner, et al. v. United States, No. 06-1633, 2007 WL 159716, at *3 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); Ross, et al. v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431, nor is it arguing that the two sections do not coexist. Rather, it is the position of the United States that Plaintiff's remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433. That position gives effect to both statutes, and, accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

## II. Plaintiff Was Under an Obligation to Plead Exhaustion of Remedies

Plaintiff's argument that he was under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is

incorrect. Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded…<u>unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff</u> within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (emphasis added). Plaintiff failed to comply with Fed. R. Civ. P. 8 because he failed to set forth a short and plain statement indicating that he exhausted his administrative remedies by filing a proper administrative claim for damages.

Plaintiff's argument that failure to state a claim is an affirmative defense and must be placed before the jury is also incorrect. See Fed. R. Civ. P. 8(c).

### III. The Filing of Notices of Federal Tax Liens Is a Collection Activity

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens filed by the Service. Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6323 contained therein provides for the filing of notices of federal tax liens. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities.

Therefore, despite Plaintiff's attempt to characterize it as a "notice tool," the filing of notices of federal tax liens is a collection activity. See Glass v. United States, No. 06-1619, 2007 WL 902074, at *2 (D.D.C. Mar. 27, 2007) ("The filing of a notice of lien is patently a tax collection activity."); Evans v. United States, No. 06-1713, 2007 WL 869039, at *4  (D.D.C. Mar. 21, 2007) ("This argument [that notices of federal tax lien do

not involve the collection of federal tax] defies common sense and the legal precedent recognizing IRS notices of tax liens as a tax collection activity); <u>Opdahl v. United States</u>, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of tax lien is a collection activity).

Federal tax liens arise by operation of law, after assessment of a tax, the failure to pay the same by a taxpayer, and notice and demand for payment by the Service. As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have. <u>United States v. National Bank of Commerce</u>, 472 U.S. 713, 719-20 (1985). Furthermore, the statute's broad application is intended to "assure the <u>collection</u> of [federal] taxes." <u>Glass City Bank v. United States</u>, 326 U.S. 265, 267 (1945) (emphasis added). But a federal tax lien is not valid against certain types of competing creditors until notice of the lien is filed in conformance with 26 U.S.C. § 6323. <u>United States v. Estate of Romani</u>, 523 U.S. 517, 517-18 (1998). Thus, in order to preserve its position for a tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Service must file a notice of federal tax lien. Therefore, it cannot be denied

that filing a notice of lien is a collection action.

## CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiff's amended complaint should be granted.

DATE: April 17, 2007                                    Respectfully submitted,

                                                         /s/ Anne E. Blaess
                                                        ANNE E. BLAESS
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        Post Office Box 227
                                                        Ben Franklin Station
                                                        Washington, DC 20044
                                                        Telephone: (202) 616-9806
                                                        Facsimile: (202) 514-6966
                                                        Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiff *pro se* on the 17th day of April, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

    EDWARD J. LINK
    Plaintiff *Pro Se*
    32 Mayflower Lane
    Buffalo, MO 65622

                                                  /s/ Anne E. Blaess
                                                  ANNE E. BLAESS