```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
EDWARD J. LINK                 )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 06-2113 (GK)
                               )
UNITED STATES,                 )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

Plaintiff Edward J. Link, proceeding pro se, brings this action against the United States alleging unlawful disclosures of confidential tax information by the Internal Revenue Service ("IRS") when it recorded notices of IRS tax liens against Plaintiff in the public record. This matter is before the Court on the United States' Motion to Dismiss [**Dkt. No. 4**]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, the United States' Motion to Dismiss is **granted**, and this case is **dismissed with prejudice.**

**I.   BACKGROUND**[1]

Plaintiff brings this action against the IRS seeking damages under 26 U.S.C. § 7431 for "intentional and/or negligent unlawful disclosure of confidential [tax] return information" by IRS agents. Compl. ¶ 1.  Plaintiff alleges that the IRS's "unlawful" disclosure violated 26 U.S.C. § 6103[2] and caused Plaintiff "substantial mental and emotional distress" and subjected Plaintiff to "the real possibility of identity theft."  Compl.   ¶¶ 6, 7.

This case is one of a large number of virtually identical taxpayer lawsuits filed by pro se litigants.  See Lindsey v. United States, 448 F. Supp. 2d 37, 41 n.3 (D.D.C. 2006) (providing a representative sample of case citations).

**II.   STANDARD OF REVIEW**

"A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted."  Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985).  As stated above, the factual allegations of the

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff.  Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

[2] Section 6103 requires that tax returns and return information be kept confidential, subject to specifically described exceptions.

complaint must be presumed true and liberally construed in favor of the plaintiff. Shear, 606 F.2d at 1253.

It is well established that a court is obligated to liberally construe the claims of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, there are limits to the latitude a court must afford pro se parties. "Although a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [like any other complaint], must present a claim on which the Court can grant relief." Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

**III. ANALYSIS**

**A.   Plaintiff's Claims Are Foreclosed by 26 U.S.C. § 7433.**

Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Other judges of this Court have addressed very similar claims and have chosen to dismiss them for failure to state a claim rather than for lack of subject matter jurisdiction. See e.g. Glass v. United States, 480 F. Supp. 2d 162, 164-65 (D.D.C. 2007); Evans v. United States, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); Rhodes v. United States, 518 F. Supp. 2d 285, 287-88 (D.D.C. 2007); Martin v. United States, No. 06-1624(JDB), 2007 WL 891666, at *2 (D.D.C. Mar. 21, 2007).

Accordingly, the Court will treat Defendant's motion to dismiss as one for failure to state a claim upon which relief can be granted. See Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau v. FTC, 456 F.3d 178, 188, 191 (D.C. Cir. 2006) (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than one of subject matter jurisdiction).

Plaintiff brings this claim under 26 U.S.C. § 7431 for unlawful disclosure of return information in violation of 26 U.S.C. § 6103 when the IRS filed Notices of Tax Lien with the "County Recorder/Register of Deeds of Dallas, [sic] County, State of Missouri . . . ." Compl. ¶ 4. However, it is 26 U.S.C. § 7433 that creates the exclusive remedy for recovering damages resulting from improper tax collection activity. 26 U.S.C. § 7433(a).

As noted above, other judges of this Court have addressed very similar claims against the IRS. In those cases, the plaintiffs sought damages under 26 U.S.C. § 7431 for intentional and/or negligent unlawful disclosure of confidential tax return information by IRS agents in connection with tax collection activity. These cases have, without exception, been dismissed pursuant to the exclusivity provision of Section 7433. See e.g.

4

Glass, 480 F. Supp. 2d at 164-65; Evans, 478 F. Supp. at 71; Rhodes, 518 F. Supp. 2d at 288; Martin, 2007 WL 891666, at *2-3. The Ninth Circuit has similarly held that actions under Section 7431 are "precluded by the exclusivity provision of [Section] 7433." Schwartz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). Accordingly, for the same reasons articulated in these cases, the Court concludes that the exclusivity provision of 26 U.S.C. § 7433 bars claims under Section 7431 when the alleged disclosures occurs in connection with a tax collection activity. Glass, 480 F. Supp 2d at 165.

Plaintiff argues that Section 7431 would be rendered superfluous if the Court concluded that Plaintiff's claims were foreclosed by Section 7433. However, "Section 7431 actions may still be brought in other contexts where the disclosures are not in connection with 'collection' of taxes." Evans, 478 F. Supp. 2d at 72 n.2. Plaintiff's argument is therefore unpersuasive.

Plaintiff also contends that filing notices of federal tax liens are not tax collection actions. However, this argument is without merit. The filing of a notice of lien is clearly considered a tax collection activity. Evans, 478 F. Supp. 2d at 72. Consequently, even accepting all of the factual allegations in Plaintiff's complaint as true, as the Court must when considering a motion to dismiss, Plaintiff has no right of action under section

7431 and Plaintiff's case must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IV. CONCLUSION**

For the foregoing reasons it is hereby **ORDERED** that the United States' Motion to Dismiss [**Dkt. No. 4**] is **granted**, and this case is **dismissed with prejudice.**

|  |  |
|---|---|
| March 27, 2008 | /s/<br>Gladys Kessler<br>United States District Judge |

**Copies to: Attorneys of record via ECF and**

**Edward J. Link**
**32 Mayflower Lane**
**Buffalo, Missouri 65622**